Vermont Superior Court
Filed 01/31/24

| | | |
|---|---|---|
| SUPERIOR COURT<br>Washington Unit<br>65 State Street<br>Montpelier VT 05602<br>802-828-2091<br>www.vermontjudiciary.org |  | CIVIL DIVISION<br>Case No. 21-CV-03690 |

---

Angela Yachfine v. Shawn Loan, et al

---

**Rulings on (1) Mr. Loan's Motion for Summary Judgment, (2) Ms. Yachfine's Motion for Leave to File a Surreply, (3) Defendants' Motion to Strike Ms. Yachfine's Surreply, and (4) Ms. Yachfine's Motion to Amend**

Plaintiff Ms. Angela Yachfine was injured in an automobile collision with Defendant Mr. Shawn Loan, a State trooper who was on duty and operating an unmarked State vehicle at the time. In the complaint, she has asserted one count of ordinary negligence against both Mr. Loan and the State. Mr. Loan has filed a motion for summary judgment arguing that ordinary negligence claims against State employees can be brought only against the State under 12 V.S.A. § 5602(a). Ms. Yachfine responds that the complaint should be construed to assert a claim of gross negligence, which may be asserted directly against a State employee under 12 V.S.A. § 5602(b). In the alternative, Ms. Yachfine seeks leave to amend the complaint to assert a claim of gross negligence.[1] Mr. Loan argues that no gross negligence claim was pled and amendment to assert it should be denied because, as a matter of law, the available evidence cannot

---

[1] To be clear, Ms. Yachfine's request to amend is embedded in her opposition to the summary judgment motion. The Court treats that request as a motion ripe for decision. Mr. Loan has had a fair opportunity to oppose amendment, though that opposition also is embedded in the summary judgment briefing, and neither party has objected to the procedural informality.

support such a claim, and amendment now would be prejudicial.  The Court determines as follows.

I.      <u>Ms. Yachfine's Motion to File a Surreply and Defendants' Motion to Strike</u>

As a preliminary matter, Ms. Yachfine has sought leave to file a surreply to Mr. Loan's reply to her opposition to his motion for summary judgment.  Defendants have sought to strike the proposed surreply because it makes inappropriate reference to the substance of confidential settlement negotiations.  Defendants do not oppose a surreply otherwise.  In response to Defendants' motion to strike, Ms. Yachfine promptly (same day) submitted a new proposed surreply omitting the subject representations.

Defendants' motion to strike is granted as to the January 12, 2024, proposed surreply that makes representations as to settlement negotiations.  Ms. Yachfine's motion for leave to file a surreply is unopposed otherwise and is granted for that reason as to the January 17, 2024 surreply.

II.      <u>The Summary Judgment Standard</u>

Summary judgment procedure is "an integral part of the . . . Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Morrisseau v. Fayette*, 164 Vt. 358, 363 (1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).  Summary judgment is appropriate if the evidence in the record, referred to in the statements required by Vt. R. Civ. P. 56(c)(1), shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Vt. R. Civ. P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994) (summary judgment will be granted if, after adequate time for discovery, a party fails to make a showing sufficient to establish an essential element of the case on which the

party will bear the burden of proof at trial). The Court derives the undisputed facts from the parties' statements of fact and the supporting documents. *Boulton v. CLD Consulting Engineers, Inc.*, 2003 VT 72, ¶ 29, 175 Vt. 413, 427. A party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact. Instead, it must come forward with deposition excerpts, affidavits, or other evidence to establish such a dispute. *Murray v. White*, 155 Vt. 621, 628 (1991). Speculation is insufficient. *Palmer v. Furlan*, 2019 VT 42, ¶ 10, 210 Vt. 375, 380.

### III. Summary Judgment Analysis

Ms. Yachfine asserted in the original complaint a single claim of ordinary negligence against Mr. Loan that is impermissible under 12 V.S.A. § 5602(a). Such a cause of action may only be lodged against the State. She argues, however, that the Court should construe that claim as one for gross negligence, for purposes of § 5602(b), because the allegations of the complaint are sufficient to state a claim for gross negligence. In the alternative, she seeks leave to amend the complaint to expressly assert a claim of gross negligence against Mr. Loan. Mr. Loan opposes any such amendment as futile. It maintains that discovery is substantially complete, the facts cannot as a matter of law support a claim of gross negligence, and that amendment now would be prejudicial.

The Court agrees with Mr. Loan that, if Ms. Yachfine intended to assert a claim of gross negligence, then the complaint should have said as much. It does not. That portion of the motion is granted. Whether the motion will be granted in full depends on whether leave to amend should be granted.

IV.    The Amendment Standard

Vt. R. Civ. P. 15(a) provides that leave to amend a complaint shall be freely given by the court "when justice so requires."  In Vermont, this provision has been liberally construed in favor of allowing parties to amend their pleadings.  *Lillicrap v. Martin*, 156 Vt. 165, 170 (1991).  The purpose of freely granting leave to amend is three-prong:  (1) to provide the opportunity for each claim to be decided on the merits rather than on a procedural technicality; (2) to give notice of the nature of a claim or defense; and (3) to enable a party to assert matters that were overlooked or unknown at an earlier stage in the proceeding.  *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶4, 184 Vt. 1, 5 (quoting *Bevins v. King*, 143 Vt. 252, 255 (1983)).

Leave to amend is not always granted, however.  It may be denied when the just and expeditious disposition of the dispute between the parties will not be advanced via the amendment.  In making that determination, the Court analyzes whether the proposed amendment:  (1) would result in undue delay; (2) is brought in bad faith; (3) would result in unfair prejudice to the opposing party; or (4) would be "futile" in that it would fail to state a claim upon which relief can be granted.  *Perkins v. Windsor Hosp. Corp.*, 142 Vt. 305, 313 (1982).

V.    Analysis

The principal issue raised by Mr. Loan is futility.  Typically, futility vis-à-vis amendment is evaluated with reference to the Rule 12(b)(6) standard, which would look to the allegations of the proposed amendment.  In this case, though, both parties argue the issue with reference to the factual record as developed under Rule 56.  In the

circumstances of this case, the Court perceives no prejudice to either party in doing so, and the Court proceeds in that same fashion.

The law of negligence is not in great dispute. Negligence is the failure to act with reasonable or ordinary care: "Whether a defendant is negligent depends on whether his or her action was objectively reasonable under the circumstances; that is, the question is whether the actor either does foresee an unreasonable risk of injury, or could have foreseen it if he conducted himself as a reasonably prudent person." *Demag v. Better Power Equip., Inc.*, 2014 VT 78, ¶ 27, 197 Vt. 176, 187 (citation omitted). "Gross negligence," on the other hand, "is negligence that is more than an error of judgment; it is the failure to exercise even a slight degree of care, owed to another. In other words, to establish gross negligence, a plaintiff must show a defendant heedlessly and palpably violated a legal duty owed to plaintiff." *Crogan v. Pine Bluff Ests.*, 2021 VT 42, ¶ 29, 215 Vt. 50, 63 (citations omitted). "Whether a defendant's conduct rose to the level of gross negligence is ordinarily a question of fact for the jury, and an allegation of gross negligence may be dismissed by the court only if reasonable minds cannot differ." *Id.* (citation omitted).

Mr. Loan argues that the facts are so clear that no more culpable conduct than ordinary negligence occurred in this case that the question of gross negligence cannot be put to the jury. Ms. Yachfine counters that reasonable minds could differ and that amendment should be granted so the jury can resolve the matter.

The evidence described in the summary judgment record better supports Ms. Yachfine's position. Evidence appearing in the record could support findings to the effect that Mr. Loan was approaching a busy 4-way intersection at 35–40 miles per hour during

evening rush-hour traffic, he was not looking forward so that there was any reasonable prospect of traveling through the intersection safely, he barreled into the intersection at full speed through a red light, and there collided with Ms. Yachfine, who had observed all applicable rules of the road.  It is unclear whether Mr. Loan applied the brakes at all, but there were no skid marks, suggesting he continued to pay no attention until the moment of collision.  Mr. Loan insists that, as a matter of law, these facts can describe nothing more than a mere momentary lapse of attention indicative of ordinary negligence.  The Court disagrees.

Gross negligence connotes "an extreme degree of risk, which is a function of both the magnitude and the probability of the potential injury and which is not satisfied unless the defendant's conduct creates the likelihood of serious injury to the plaintiff."  3 Stuart M. Speiser, *et al., American Law of Torts* § 10:16; *see also Restatement (Third) of Torts: Phys. & Emot. Harm* § 2 cmt. a ("Taken at face value, this term [gross negligence] simply means negligence that is especially bad."); Dan B. Dobbs, *et al., The Law of Torts* § 140 (2d ed.).  (Gross negligence refers to "conduct that is a more serious departure from safety norms than conduct amounting to ordinary negligence, either because the risk itself is more substantial or because the risky conduct produces less compensating benefits.").

Based on the facts, the jury could determine that Mr. Loan's conduct amounted to "negligence that was especially bad:" that he was approaching circumstances of heightened risk in which a reasonable person would have been on high alert, that it should have been obvious that failing to pay even modest attention would be highly likely to result in serious injury, and that he nevertheless paid no attention at all, virtually

guaranteeing an injurious result. The jury should determine the question of gross negligence on the evidence. *See State v. Carlin*, 2010 VT 79, ¶ 9, 188 Vt. 602, 604 (noting in the context of a criminal claim of grossly negligent operation: "Although a driver's momentary inattention, by itself, is insufficient to warrant a finding of gross negligence, if that inattention occurs in a place where there is great potential for immediate danger, it may be enough to allow a jury to find gross negligence.").

Nor is the Court persuaded that the timing of Ms. Yachfine's motion to amend causes Mr. Loan any significant prejudice. This is a very straightforward case. Mr. Loan has able counsel who surely has been aware of the significance of the distinction between negligence and gross negligence in 12 V.S.A. § 5602 from the outset. To the extent that Mr. Loan suggests that amendment now risks needing to start discovery over, he fails to explain why, and the Court views any such risk to be overstated. The evidence that might be offered in support or in defense of a claim of negligence is highly unlikely to differ from that which would be offered in relation to a claim of gross negligence. In any event, if amendment reasonably causes Mr. Loan to need to pursue limited discovery beyond the bounds of the current scheduling order, he may seek to amend it accordingly.

<u>Conclusion</u>

For the foregoing reasons:

(1) Mr. Loan's Motion for Summary Judgment is granted, in part, and denied, in part;

(2) Ms. Yachfine's Motion for Leave to File a Surreply is granted as to the January 17 surreply;

(3) Defendants' Motion to Strike is granted as to the January 12 surreply; and

(4) Ms. Yachfine's Motion to Amend is granted.  An amended complaint shall be filed and served within 21 days.

Electronically signed on Monday, January 29, 2024, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge